# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

TYROSH BROWN,

        Plaintiff,                   Case Number: 08-14981

v.                                           DENISE PAGE HOOD
                                              UNITED STATES DISTRICT COURT
MICHIGAN DEPARTMENT OF
CORRECTIONS, ROBERT J. CLARK, Ph.D.,     VIRGINIA M. MORGAN
DARCY L. MAHER, Ph.D., and DIANE         UNITED STATES MAGISTRATE JUDGE
GARTLAND, Psy.D.,

        Defendant.

_____ /

## REPORT AND RECOMMENDATION

This is a *pro se* 42 U.S.C. § 1983 action in which a former inmate accuses the Michigan Department of Corrections of violating his First Amendment right to practice his religion by forcing him into a therapy program for assaultive offenders. This matter comes before the court on Defendants Michigan Department of Corrections ("MDOC"), Robert J. Clark, Ph.D., Darcy L. Maher, Ph.D. and Diane Gartland's, Psy.D. motions for summary judgment. (Doc. Nos. 21 and 25).[1] Plaintiff filed a response in opposition to Dr. Maher's motion for summary judgment. (Doc. No. 27). For the reasons discussed below, this court recommends that defendants' motions be **GRANTED** and that summary judgment be entered in their favor.

---

[1] MDOC, Dr. Clark and Dr. Gartland filed a joint motion for summary judgment on March 24, 2009. (Doc. No. 21). At that time, Dr. Maher had not yet been served with a summons and complaint. Dr. Maher was served on March 24, 2009, and thereafter filed a motion joining the other Defendants' motion for summary judgment. (Doc. No. 25).

**I. Background**

Plaintiff filed the instant civil rights action on December 1, 2008. (Doc. No. 1). Plaintiff alleges that the Defendants violated his civil rights while he was a MDOC prisoner housed at the Cooper Street Correctional Facility and the Parnall Correctional Facility, which are both located in Jackson, Michigan. (Compl. ¶ 5). Specifically, Plaintiff alleges that Defendants forced him to participate in Assaultive Offender's Programming ("AOP"), which violated his First Amendment right to free exercise of religion. (Compl. p. 14). Plaintiff does not identify the religion his ascribes to, nor does he explain how his alleged forced participation AOP violated his right to free exercise. Plaintiff also alleges that Dr. Clark, Dr. Maher, and Dr. Gartland "negligently misdiagnosed him." (Compl. p. 17).

Since filing his complaint, Plaintiff was paroled, and he is presently under parole supervision of the MDOC.

MDOC, Dr. Clark and Dr. Gartland filed their motion for summary judgment on March 24, 2009. (Doc. No. 21). In the motion, they argue that summary judgment should be entered in their favor for any or all of the following reasons: 1) Plaintiff's claim is barred by the statute of limitations; 2) medical malpractice claims are not actionable under 42 U.S.C. § 1983; 3) Plaintiff did not plead an actionable First Amendment free exercise claim; 4) Plaintiff's claims against the MDOC are barred by sovereign immunity; and 5) Plaintiff's claims against state employees in their individual capacities are barred by qualified immunity. After properly being served, Defendant Dr. Maher filed a motion for summary judgment in which she joined Defendants previously filed motion for summary judgment. (Doc. No. 25).

Plaintiff responded to Dr. Maher's motion for summary judgment. (Doc. No. 27). In his

response, Plaintiff argues that his lawsuit is not barred by the statute of limitations because "this claim was filed 6 months after descovering [sic] that the parole board punished the plaintiff repeatedly with flop after flop for not participating in AOP like they wanted him to." (Pl.'s Resp. 1). Plaintiff also refutes Defendants statements that he could have chosen not to participate in AOP, and that he was free to talk about his religion during AOP sessions. (Pl.'s Resp. 2). Plaintiff asserts that he had to participate in AOP, and say certain things at the therapy sessions, in order to be paroled. (Pl.'s Resp. 2).

## II. Standard of Review

The United States Court of Appeals for the Sixth Circuit has summarized the standard for summary judgment as follows:

> Summary judgment is appropriate if the evidence, when viewed in the light most favorable to the nonmoving party, shows that there is no genuine issue of material fact such that the moving party is entitled to judgment as a matter of law. "The judge is not to weigh the evidence and determine the truth of the matter, but rather determine whether there is a genuine issue for trial."

*Totes Isotoner Corp. v. Int'l Chemical Workers Union Council/UFCW Local 664C*, 532 F.3d 405, 411-12 (6th Cir. 2008) (internal citations omitted).

## III. Analysis

### A. Statute of Limitations

Defendants first argue that Plaintiff's claims are barred by the applicable statute of limitations, which they assert is three years. (Defs.' Mot. 3). Plaintiff responds that his claim is not barred by the statute of limitations because he filed his lawsuit six months after discovering that the parole board retaliated against him for "not participating in AOP like they wanted him to." (Pl.'s Resp. 1).

3

42 U.S.C. § 1983 does not contain a statute of limitations; thus, courts must look to state law to determine the relevant limitations period. *Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005). Plaintiff's § 1983 claim is governed by the three-year Michigan personal injury statute of limitations. *See Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003); *Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005). In determining when the limitations period began, courts must refer to federal law. *Roberson*, 399 F.3d at 794. The Sixth Circuit has held that the statute of limitations begins to run "'when the plaintiff knows or has reason to know of the injury which is the basis of his action. A plaintiff has reason to know of his injury when he should have discovered it through the exercise of reasonable diligence.'" *Sevier v. Turner*, 742 F.2d 262, 273 (6th Cir.1984).

Plaintiff filed his complaint on December 1, 2008. (Doc. No. 1). The statute of limitations, therefore, bars any claim that accrued before December 1, 2005. *See Banks*, 344 F.3d at 553. Plaintiff entered AOP on October 26, 2004 and completed the program on October 25, 2005. (Defs.' Mot. Ex. B, Dr. Gartland Aff. ¶ 3). In his complaint, Plaintiff asserts that his placement and alleged forced participation in AOP violated his right to free exercise of religion. Accordingly, any injury Plaintiff suffered due to the alleged constitutional violation occurred during his time in the program, October 26, 2004 to October 25, 2005, and Plaintiff would have been aware of the injury when it happened. Plaintiff's claim, thus, accrued before December 1, 2005, and is barred by the statute of limitations.

Plaintiff's argument that he did not discover that he had been injured until his parole board hearing in July 2008 is unavailing. Plaintiff's assertion that he was denied parole because he did not participate in AOP, as expected by the parole board, is an injury unrelated to the alleged constitutional violation. In his complaint, Plaintiff alleges that Defendants injured him by denying

4

him constitutional right to practice his religion by forcing him to participate in AOP. Thus, Defendants allegedly denied Plaintiff his right to free exercise to Plaintiff was when he was in AOP. Whether or not the parole board held Plaintiff's lackluster participation in AOP against him during parole hearings is, therefore, unrelated to Defendants conduct in placing Plaintiff in the AOP program and having him participate in the therapy sessions.

The court recommends that Plaintiff's complaint be dismissed as it is barred by the statute of limitations. In the event that the district court disagrees, this court has analyzed Defendants' remaining arguments for dismissal.

### B. Medical Malpractice Claim

Defendants next argue that they are entitled to summary judgment because Plaintiff's medical malpractice claim is not actionable under 42 U.S.C. § 1983 and Plaintiff has not stated a claim under the Eighth Amendment for medical mistreatment. (Defs.' Mot. 5).

In his complaint, Plaintiff states "[t]his is a claim of medical malpractice and the case of victoms [sic] 1st Amendment right being violated . . . ." (Compl. p. 14). Plaintiff alleges that Dr. Clark, Dr. Garltand, and Dr. Maher "negligently misdiagnosed" him, "negligently forc[ed]" Plaintiff to participate in AOP, and "untruthfully and negligently put in his file that he seems hostile and antagonistic when help is offered, but help was never offered." (Compl. p. 16-17).

Medical malpractice claims are not cognizable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). To state a viable claim under 42 U.S.C. § 1983, Plaintiff must allege that he was deprived of a right, privilege or immunity secured by the Federal Constitution or the laws of the United States and the deprivation was caused by a person acting under color of state law. *See Doe v. Wigginton*, 21 F.3d 733, 738 (6th Cir.1994). Deprivation of medical treatment claims are

5

typically made under the Eighth Amendment. Although Plaintiff does not cite the Eighth Amendment as a basis for his claim, this court will liberally construe his *pro per* complaint as containing an Eighth Amendment claim. In order to prevail on a Eighth Amendment claim for medical mistreatment, Plaintiff must show that "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106. Mere negligence or malpractice is insufficient to establish an Eighth Amendment violation. *Id*.

Plaintiff has not alleged or shown that Defendants' acts or omissions "evidence deliberate indifference to serious medical needs." *Id.* Plaintiff did not allege that he had a serious medical need or that Defendants ignored Plaintiff's requests for medical treatment. Rather, Plaintiff alleges that Defendants "negligently misdiagnosed" him in placing him in AOP, "negligently forc[ed]" him to participate in AOP and negligently misreported his behavior during AOP in his medical file. Allegations of negligence are not sufficient to state a claim for an Eight Amendment violation. *See id.* Accordingly, the court recommends that summary judgment be entered in favor of Defendants on Plaintiff's medical malpractice/Eight Amendment claim.

### C. First Amendment Claim

Defendants argue that Plaintiff has not stated a claim for a First Amendment violation because he has not alleged or shown that he was not afforded a reasonable opportunity to exercise his religion. (Defs.' Mot. 7). Plaintiff responds that he was not allowed to talk about his religious beliefs during AOP and "they dident [sic] want him to talk about anything but, saying you admit to a crime and that you have remorse for a victim." (Pl.'s Resp. 2).

Plaintiff's complaint is deficient because he did not identify the religion to which he ascribes, nor did he plead or show that his religious beliefs are "sincerely held." *Flagner v. Wilkinson*, 241

F.3d 475, 481 (6th Cir. 2001) (quoting *Kent v. Johnson*, 821 F.2d 1220, 1224 (6th Cir. 1987). ("A prisoner alleging that the actions of prison officials violate his religious beliefs must show that 'the belief or practice asserted is religious in the person's own scheme of things' and is 'sincerely held.'"). For this reason alone, Plaintiff failed to state a § 1983 claim based on the First Amendment.

Further, Plaintiff has not shown that Defendants forced him to participate in AOP, thereby violating Plaintiff's First Amendment right to free exercise. Indeed, Defendants have provided a sworn statement that AOP is a voluntary program, in which prisoners must elect to participate. (Defs.' Mot. Ex. A, Dr. Clark Aff. ¶ 6). Also, one of the MDOC documents Plaintiff attached to his complaint evidences Plaintiff's willingness to participate in AOP: "[Plaintiff] acknowledges that he has a problem with anger and aggression and wants to participate." (Compl. p. 36, 9/27/04 MDOC Mental Health Progress Note).

Accordingly, the court concludes that Plaintiff has not stated a claim for a First Amendment violation and recommends that summary judgment be entered in favor of Defendants on Plaintiff's 42 U.S.C. § 1983 claim.

### **D. Sovereign and Qualified Immunity**

Alternatively, summary judgment may be entered in favor of Defendants on the basis of sovereign and qualified immunity.

Defendants contend that Plaintiff's claims against the MDOC are barred by sovereign immunity, which precludes lawsuits against states and their departments in federal court. (Defs.' Mot. 10). Plaintiff responds that the state is often sued and is not immune to suit. (Pl.'s Resp. 3).

The Eleventh Amendment bars a suit brought in federal court against a state and its

departments or agencies unless the state has waived its sovereign immunity or unequivocally consented to be sued. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100, 104 (1984); *Abick v. Michigan*, 803 F.2d 874, 876-77 (6th Cir. 1986). The MDOC is a state agency and the state of Michigan has not consented to civil rights suits in the federal courts; thus, the MDOC is entitled to Eleventh Amendment immunity. *See Pennhurst*, 465 U.S. at 100; Abick, 803 F.2d at 877. Accordingly, Defendant MDOC is entitled to summary judgment based on sovereign immunity.

The individual defendants, Dr. Clark, Dr. Gartland, and Dr. Maher are also immune from suit. Plaintiff sued the prison psychologists in their individual capacities. (Compl. p. 7-8). State employees who are sued in their individual capacities are not liable for civil damages if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Causey v. Bay City*, 442 F.3d 524, 528 (6th Cir.2006) (internal quotation marks omitted). In considering an assertion of qualified immunity, the court must decide: "(1) whether, considering the allegations in a light most favorable to the party injured, a constitutional right has been violated, and (2) whether that right was clearly established." *Estate of Carter v. Detroit*, 408 F.3d 305, 310-11 (6th Cir. 2005) (citing *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). As discussed above, Plaintiff has not established that a constitutional violation occurred. Thus, the first prong of the *Saucier* test is not satisfied, and the individual Defendants are entitled to qualified immunity.

The court concludes that Defendants are immune from suit and Plaintiff's claims are, therefore, barred.

## IV. Conclusion

For the reasons discussed above, the court recommends that Defendants' motion be

8

**GRANTED** and that summary judgment in favor of Defendants be entered on all of plaintiff's claims.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

                                              S/Virginia M. Morgan
                                              Virginia M. Morgan
                                              United States Magistrate Judge

Dated: October 28, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on October 28, 2009.

                                              s/Jane Johnson
                                              Case Manager to
                                              Magistrate Judge Virginia M. Morgan